## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| BAKER EDMAN CLARK, | : | MANDAMUS |
| GDC ID 388790, | : | 28 U.S.C. § 1651 |
|     Movant, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:16-CV-180-WSD-CMS |
| CEDRIC TAYLOR, Warden, | : | |
|     Respondent. | : | |

## FINAL REPORT AND RECOMMENDATION

Last year, state inmate Baker Edman Clark submitted two "Petitions for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and the Clerk opened two new cases—this one opened on January 19, and Case No. 16-192 opened on January 20. *See* [1]; *see also Clark v. Taylor*, No. 1:16-CV-192-WSD (N.D. Ga. 2016) ([1] therein]).

The undersigned issued an Order in this case directing Clark "to file an Amended Petition that sets forth all his claims in a single document and to [show cause]" why Case No. 16-192 should not be administratively closed as duplicative of this case. [4] at 1-2.

Clark responded and stated that he does not intend to attack his state court convictions in this case, but rather seeks to obtain an order directing a state court to "amend and correct" a transcript of its proceedings. *See* [6]

at 2 ("[T]his petition is based on a post-conviction motion to amend and correct the trial court's transcript and has nothing to do with petitioner's convictions or sentences.").

This case was originally categorized as one for relief pursuant to 28 U.S.C. § 2254. Indeed, the case-initiating document is on the Northern District of Georgia form titled "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254." *See* [1]. In light of Clark's response to my Order, however, it appears that Clark did not intend to file two habeas petitions. He intended to file one habeas petition, *i.e.*, the one docketed in Case No. 16-192, and to seek a writ of mandamus in this case. Accordingly, the Clerk is **DIRECTED** to recategorize this case as one seeking a writ of mandamus pursuant to 28 U.S.C. § 1651.

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34-35 (1980). A writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "The party seeking mandamus has the burden of demonstrating 'that its right to issuance of the writ is clear and

indisputable.'" *In re BellSouth Corp.*, 334 F.3d 941, 953 (11th Cir. 2003) (quoting *Will v. United States*, 389 U.S. 90, 96 (1967) (internal quotation marks and citation omitted)).  Finally, and crucially for this case, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moye v. Clerk, DeKalb Cty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973).[1]

Because Clark is not entitled to a writ of mandamus directing a state court and its judicial officers to "amend and correct" a state court trial transcript, the undersigned **RECOMMENDS** that Clark's petition for a writ of mandamus in this case be **DENIED** and that this case be **DISMISSED**.

Clark also filed, in this case, an Amended Petition alleging nineteen grounds for relief under 28 U.S.C. § 2254.  It is evident that this document should have been filed in Case No. 16-192.

The Clerk is **DIRECTED** to transfer Clark's Amended Petition [5] from the docket in this case to the docket in Case No. 16-192.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 16th day of February, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE